NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 22 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN FINKELSTEIN; JENNIFER FINKELSTEIN, | No. 19-15139 |
| Plaintiffs-Appellees, | D.C. No. 3:18-cv-00009-EMC |
| v. | |
| VISHAL D. JANGLA, | MEMORANDUM* |
| Defendant-Appellant, | |
| and | |
| SAN MATEO COUNTY DISTRICT ATTORNEY'S OFFICE; et al., | |
| Defendants. | |

| | |
|---|---|
| JOHN FINKELSTEIN; JENNIFER FINKELSTEIN, | No. 19-15497 |
| Plaintiffs-Appellees, | D.C. No. 3:18-cv-00009-EMC |
| v. | |
| NICOLAS RYAN, | |
| Defendant-Appellant, | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and

VISHAL D. JANGLA; et al.,

Defendants.

---

JOHN FINKELSTEIN; JENNIFER FINKELSTEIN,

Plaintiffs-Appellees,

v.

JEFFREY S. CICHOCKI,

Defendant-Appellant,

and

VISHAL D. JANGLA; et al.,

Defendants.

No. 19-15511

D.C. No. 3:18-cv-00009-EMC

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted April 14, 2020
San Francisco, California

Before: GOULD, CHRISTEN, and BRESS, Circuit Judges.

Detective Nicolas Ryan, Detective Jeffrey S. Cichocki, and Deputy District Attorney Vishal D. Jangla appeal the district court's denial of summary judgment based on qualified immunity. With jurisdiction under 28 U.S.C. § 1291 and

reviewing *de novo*, *Mena v. City of Simi Valley*, 226 F.3d 1031, 1036 (9th Cir. 2000), we reverse on each claim, except for the denial of summary judgment for Deputy District Attorney Jangla on the judicial-deception claim, which we affirm.[1]

**I**

The first question we address is whether the Defendants are entitled to qualified immunity for the probable-cause claims. We answer affirmatively.

A law enforcement officer is entitled to qualified immunity unless a plaintiff can prove (1) the officer violated a constitutional right and (2) the right was clearly established at the time of the conduct. *Pearson v. Callahan*, 555 U.S. 223, 231–32 (2009). In the context of this case, the question is whether the Defendants conducted a search without probable cause, and whether the law clearly established that there was no probable cause. "Only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable will the shield of immunity be lost." *Malley v. Briggs*, 475 U.S. 335, 344–45 (1986) (citing *United States v. Leon*, 468 U.S. 897, 923 (1984)); *see also Messerschmidt v. Millender*, 565 U.S. 535, 547–48 (2012).

We hold that the district court erred in denying summary judgment on the probable-cause claims because, although the Defendants' belief in the existence of

---

[1] Because the parties are familiar with the facts and procedural history of the case, we recite only those facts necessary to decide this appeal.

probable cause was incorrect, it was not wholly unreasonable.

Here, probable cause was predominantly predicated on the connection between John Finkelstein's personal email address and a Skype account which was used in the alleged sexual exploitation of a minor. Whoever registered the Skype account had entered Mr. Finkelstein's email address to complete the registration process.

*Chism v. Washington*, 661 F.3d 380 (9th Cir. 2011), recognizes that cyber-evidence may not be reliable in certain circumstances. *Id.* at 391. But in *Chism*, the affidavit's affirmative misrepresentations and omissions made the link between the suspect and the crime more tenuous than here. *Id.* at 390. Nor does the law as established by *Chism* and its predecessors, *see, e.g.*, *United States v. Gourde*, 440 F.3d 1065 (9th Cir. 2006) (*en banc*), delineate the boundaries of the doctrine such that this case is an obvious one. *Cf. White v. Pauly*, 137 S. Ct. 548, 552 (2017) (*per curiam*).

It was not "entirely unreasonable" for the Defendants to believe that probable cause existed. *Messerschmidt*, 565 U.S. at 547 (quoting *Leon*, 468 U.S. at 923). The Defendants are therefore entitled to qualified immunity on the probable cause claims.

## II

The second question we answer is whether Detective Cichocki and Deputy

District Attorney Jangla are entitled to qualified immunity on the judicial-deception claims. We answer affirmatively for Detective Cichocki but negatively for Deputy District Attorney Jangla.

To overcome qualified immunity on a judicial-deception claim, a plaintiff "must 1) make a substantial showing of [an officer's] deliberate falsehood or reckless disregard for the truth and 2) establish that, but for the dishonesty, the [searches and arrest] would not have occurred." *Chism*, 661 F.3d at 386 (second alteration in original) (quoting *Liston v. County of Riverside*, 120 F.3d 965, 973 (9th Cir. 1997)). Here, the issue is whether the Finkelsteins made a substantial showing that Detective Cichocki's and Deputy District Attorney Jangla's failure to clarify the meaning of the word "valid" was in reckless disregard for the truth.

**A**

The Finkelsteins made a substantial showing of the recklessness of Deputy District Attorney Jangla but not of Detective Cichocki.

The distinction lies in the proof offered, in their disparate relevant experience and testimony. The record shows that Deputy District Attorney Jangla has experience in prosecuting cybercrimes and, in particular, in warrant applications in cybercrime investigations. Most importantly, Deputy District Attorney Jangla testified unequivocally that he was aware that the term "valid email address" meant

5

a string of characters in an email address format, not an email account that Skype verified by requiring that its registering user interact with a confirmatory email message. The Finkelsteins made a substantial showing that Deputy District Attorney Jangla's failure to clarify the meaning of the word "valid" in the affidavit was in reckless disregard for the truth.

**B**

But this was not so for Detective Cichocki. The record shows that Detective Cichocki had experience in investigating crimes involving the sexual exploitation of children but not in investigating cybercrimes. Detective Cichocki's testimony does not unequivocally demonstrate that he understood the distinction between a "valid" and "verified" email address. Finally, Detective Cichocki's acquiescence to Detective Ryan's suggestion to use the term "valid" to reflect the terminology Skype itself employs indicates that Detective Cichocki's actions were not in reckless disregard for the truth. Detective Cichocki's lack of knowledge paired with his passivity in the matter lead us to conclude that the Finkelsteins have not made a substantial showing as to Detective Cichocki's recklessness.

**III**

We hold that Detective Ryan, Detective Cichocki, and Deputy District Attorney Jangla are entitled to qualified immunity on the probable-cause claims. On the judicial-deception claims, we hold that Detective Cichocki is entitled to qualified

6

immunity but Deputy District Attorney Jangla is not.

**AFFIRMED IN PART; REVERSED IN PART.**[2]

---

[2] The parties shall bear their own costs.

FILED

JUN 22 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRESS, Circuit Judge, dissenting in part:

I agree with the majority in all but two respects.

First, although the court holds that all defendants are entitled to qualified immunity on plaintiffs' claims that the search warrant lacked probable cause, the majority concludes, without analysis, that defendants' "belief in the existence of probable cause was incorrect." In my view, we should not have opined in this manner on what is an involved and fact-bound constitutional question, especially when doing so is not necessary to our resolution of this appeal given our determination that defendants deserve qualified immunity. *Pearson v. Callahan*, 555 U.S. 223, 237 (2009). I thus do not join this aspect of the court's disposition.

Second, I believe we should also reverse the denial of qualified immunity on the judicial deception claim against Deputy District Attorney Jangla. I thus respectfully dissent from Part II.A of the majority's disposition, which allows this claim to proceed.

A judicial deception claim will survive summary judgment on grounds of qualified immunity only if the plaintiffs make, among other things, "'a substantial showing of [a defendant's] deliberate falsehood or reckless disregard for the truth.'" *Chism v. Washington*, 661 F.3d 380, 386 (9th Cir. 2011) (quoting *Liston v. Cty. of Riverside*, 120 F.3d 965, 973 (9th Cir. 1997)). Plaintiffs have not met that high

standard as to Jangla, and so he deserves qualified immunity on this claim.

In this case, and as relevant to the judicial deception claim, someone used a Skype account to sexually exploit a minor. An investigation revealed the account was linked to Mr. Finkelstein's email address, so law enforcement obtained a warrant to search his home and belongings. The warrant application, which Jangla reviewed and approved, stated that "[i]n order to create a Skype account a valid email is necessary" and that Mr. Finkelstein's email was "used to create" the suspect's Skype account.

The issue is whether it was false or recklessly misleading for the search warrant application to state that Skype required a "valid" email address, when at the time Skype did not require registrants to supply a "verified" email address. Because Jangla testified he understood the difference between a "valid" and "verified" email address, the majority concludes plaintiffs "made a substantial showing" that Jangla's "failure to clarify the meaning of the word 'valid' in the affidavit was in reckless disregard for the truth."

I respectfully disagree. The warrant application was accurate on its face: Skype at the time required only a "valid" email address, and the warrant application tracked the language on Skype's own website, which instructed registrants to "[u]se a valid email address" when creating an account. That Jangla understood the technical difference between a "valid" and "verified" email address does not connote

2

judicial deception. I am aware of no evidence suggesting that Jangla should have known that referring to a "valid" email address would misleadingly suggest that a "verified" address was required, or that a "valid" address is commonly regarded as a "verified" one. Jangla himself did not believe this. He testified that requiring a verified email address is not "standard in the industry" and there "are a lot of services that don't offer that or don't require that."

I thus cannot conclude that Jangla demonstrated a reckless disregard for the truth. He did not engage in judicial deception and is entitled to qualified immunity on this claim.